# IN THE SUPREME COURT OF THE STATE OF NEVADA

KALUM MARCELL FORTUNE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74413

FILED

FEB 29 2019

ELIZABETH L. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery and burglary.[1]  Second Judicial District Court, Washoe County; Lynne K. Simons, Judge.

Appellant Kalum Fortune contends that insufficient evidence supports his convictions.  Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The State presented evidence that Fortune entered the B&T Market and robbed an employee at gunpoint.  In addition to other evidence, the State presented testimony from Fortune's wife and daughter identifying him in surveillance videos fleeing the scene, as well as testimony that Fortune's DNA was found in the store.  Thus, the State presented sufficient

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-07763

evidence that Fortune committed the charged crimes. *See* NRS 200.380(1); NRS 205.060. Although Fortune argues his wife and daughter might have falsely identified him for personal reasons and the store's employees—two sisters who worked opposite shifts at their family business while the other was in class—might have planted his DNA, it is for the jury to determine the weight and credibility to give testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports it. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

Fortune also argues that (1) the district court abused its discretion and violated his right against self-incrimination when it permitted a detective to testify about statements Fortune made during an interrogation, (2) the district court abused its discretion by permitting testimony from an untimely disclosed expert, (3) the district court abused its discretion by giving various instructions to the jury, and (4) the prosecutor committed misconduct at sentencing. Fortune forfeited these issues by failing to preserve them below and fails to demonstrate plain error on appeal. *See Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 48 ("Before this court will correct a forfeited error, an appellant must demonstrate that: (1) there was an 'error'; (2) the error is 'plain,' meaning that it is clear under current law from a casual inspection of the record; and (3) the error affected the defendant's substantial rights."), *cert. denied,* 139 S. Ct. 415 (2018). Accordingly, we conclude that he is not entitled to relief on these claims.

Having considered Fortune's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Lynne K. Simons, District Judge
     Karla K. Butko
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk